UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **PRESTON BROWN**<br><br>**Plaintiff,**<br><br>vs.<br><br>**TOWN OF WOODLAND**<br><br>**Defendant.** | **DOCKET NO. :** |

## COMPLAINT

Preston Brown ("Plaintiff") brings this action against the Town of Woodland, Maine ("Defendant" or "Town") for unlawful takings. The Town took the Plaintiff's real property, worth well over $100,000, to cover about $2,500 in unpaid property taxes. Mr. Brown demands payment of the fair market value of the property the Town took from him.

## PARTIES

1) The Plaintiff is a resident of Limestone, Aroostook County, Maine.

2) The Inhabitants of the Town of Woodland ("the Town") are a municipality located in Aroostook County, Maine.

## JURISDICTION AND VENUE

3) Jurisdiction is proper in this Court under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a). The Court also has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

4) Venue lies in this District under 28 U.S.C. § 1391(b)(1), (2), because the Defendant is a municipality located in this District and performs its official duties in this District, and many of the events and facts giving rise to this action occurred and are occurring in this District.

## THE TAKING OF THE PLAINTIFF'S PROPERTY AND MAINE'S TAX LIEN MORTGAGE AND FORECLOSURE STATUTORY FRAMEWORK

5) Plaintiff was the owner of a piece of land, in Woodland, Maine, by virtue of a Warranty Deed from Freddie R. Brown, Sr. and Phyllis I. Brown, dated December 7, 1990, and recorded in the Aroostook County Registry of Deeds, Book 2327, Page 165 and located at 178 Morse Road, Woodland, Maine, 04736("the Premises").

6) If property taxes are not paid, after a year, a municipality may attach a lien to the property to satisfy payment on the property tax debt. See 36 M.R.S. § 942.

7) Section 942 sets forth the initial steps a municipality must take to enforce a tax lien, including sending notice to the property owner and filing a tax lien certificate in the registry of deeds. *Id.*

8) The notice must state the amount of the tax, describe the real estate on which the tax is assessed, and demand payment within 30 days. *Id.*

9) If the tax is not paid within that time, the municipality may file a tax lien certificate, which creates a tax lien mortgage on the property, and the property owner then has 18 months to redeem the property. See 36 M.R.S. § 943.

10) If the tax, interest, and costs underlying the tax lien are paid within the 18-month period of redemption, then the tax lien mortgage is discharged in the same manner as any other real estate mortgage. *Id.*

11) However, if the tax, interest, and costs underlying the tax lien are not paid within 18 months of the tax lien mortgage being recorded, then the "tax lien mortgage shall be deemed to have been foreclosed and the right of redemption to have expired." *Id.*

12) After the mortgage is foreclosed, there is no obligation under the statute to sell the property in a commercially reasonable manner or to pay the excess proceeds to the property owner. *Id.* Under the Maine statutory scheme, the property is owned by the town, and the town may sell the property, keep the property, or give the property away. *Id.* The property owner's interests, as far as the State is concerned, are extinguished by the foreclosure. *Id.*

13) Plaintiff fell behind on property taxes due for 2017 and the Town of Woodland recorded a lien for $1003.30 in back taxes recorded in the Aroostook County, Maine Registry of Deeds at Book 5789, Page 70 ("the 2017 Tax Lien"). That lien was signed by the tax collector of the Town of Woodland, acting under color of State Law.

14) Plaintiff fell behind on property taxes due for 2018 and the Town of Woodland recorded a lien dated July 1, 2019, in the amount of $1,200.18 and recorded in the Aroostook County, Maine Registry of Deeds at Book 5908, Page 6 ("the 2018 Tax Lien"). That lien was signed by the tax collector of the Town of Woodland, acting under color of State Law.

15) On information and belief, the Town of Woodland foreclosed on the Premises and took title based on one of the above-referenced tax liens, under color of law.

16) On information and belief, the Town of Woodland sold the Premises on or around August 18, 2020, for about $2,500.

17) At the time of sale, the Town of Woodland claimed that Plaintiff owed approximately $2,500 in taxes, plus fees and interest.

18) The fair market value of the home was significantly higher than what was paid to the Town of Woodland.

*19)* The sale was not conducted in a commercially reasonable manner.

*20)* The Town did not pay the Plaintiff any money after it took his property, and has deprived the Plaintiff of property without just compensation.

*21)* The Town assessed the Premises at $103,667 in 2020.

*22)* The assessed value was significantly lower than the fair market value of the Premises.

*23)* The Plaintiff is owed the fair market value of the Premises the Town took from him, less any taxes owed.

## COUNT I
## TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE UNITED STATES CONSTITUTION

24) The Takings Clause of the Fifth Amendment is applicable to the States through the Fourteenth Amendment and provides that "private property [shall not] be taken for public use, without just compensation." U. S. Const., Amd. 5.

25) The Plaintiff's home was property, in that it was real property.

26) The Plaintiff's equity in the Premises was also property protected by the United States Constitution.

27) At all applicable times the Town of Woodland was acting under color of state law.

28) The Town of Woodland, by taking Plaintiff's equity without just compensation, has taken private property without just compensation in violation of the Fifth and Fourteenth Amendments, giving rise to liability under 42 U.S.C. § 1983.

29) The Fifth Amendment to the United States Constitution prohibits taking private property for public use without "just compensation." U. S. Const., Amd. 5.

30) The 14th Amendment to the United States Constitution makes the Fifth Amendment applicable to States. It provides, in pertinent part, "No State shall make or enforce any law which shall

abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U. S. Const., Amd. 14.

31) Despite these constitutional protections, the Town of Woodland took Mr. Brown's property for unpaid real property taxes, transferred the property to itself, and then kept all the excess equity or value in the property that far exceeded the amount the Town of Woodland claimed it was owed.

32) The Town of Woodland sold the property for less than the fair market value and kept all proceeds.

33) When the government takes a citizen's property, the citizen is entitled to the fair market value of the property the government took. See *United States v. 50 Acres of Land*, 469 U.S. 24, 29, 105 S.Ct. 451, 83 L.Ed.2d 376 (1984) (holding that just compensation is "'market value of the property <u>at the time of the taking</u>'") *Almota Farmers Elevator & Warehouse Co. v. United States*, 409 U.S. 470, 473-74 (1973); *United States v. Reynolds,* 397 U.S. 14, 16, 90 S.Ct. 803, 805, 25 L.Ed.2d 12 (1970) ("property owner generally must receive the 'full monetary equivalent of the property taken"); *United States v. Commodities Trading Corp.,* 339 U.S. 121, 123 (1950); *United States v. Miller,* 317 U.S. 369, 373 (1943) (just compensation requires "the full and perfect equivalent in money of the property taken."); *Vogelstein & Co. v. United States*, 262 U.S. 337, 340 (1923).

34) The Defendant did not pay Plaintiff the difference between the fair market value of the Premises and the Plaintiff's tax debt.

35) By assuming physical possession of and dominion over the property, transferring title and keeping either the entire property or the proceeds from a sale that are far more than the amount owed, Defendant has taken Plaintiff's private property without just compensation.

WHEREFORE, Plaintiff asks that this Honorable Court find that the Town of Woodland violated Mr. Brown's rights under the Fifth and Fourteenth Amendments by taking his property without just compensation and:

a. Determine and award reasonable damages as permitted by law;

b. Award costs and fees of litigation, including reasonable attorney's fees as permitted by 42 U.S.C. § 1983 and other applicable law;

c. Enjoin the Defendant from further unlawful takings;

d. Grant Plaintiff such other and further relief that he may be entitled to receive.

### COUNT II
### TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE MAINE CONSTITUTION

36) The Plaintiff realleges the allegations in the previous Paragraphs.

37) The Constitution of the State of Maine, Article I § 21 prohibits takings without just compensation, saying "private property shall not be taken for public uses without just compensation; nor unless the public exigencies require it."

38) The Defendant has taken the Plaintiff's property without just compensation under the Maine State Constitution, as well as the Federal Constitution.

39) The Defendant is likely to continue to take property from others without just compensation under Maine's statute that permits it to take possession of property, sell it, and keep the sale proceeds, which are more than the amounts owed to it.

WHEREFORE, Plaintiff asks that this Honorable Court find that the Town of Woodland violated Plaintiff's rights under the Maine Constitution by taking his property without just compensation and:

a. Determine and award his reasonable damages as permitted by law;

b.  Award his costs and fees of litigation, including reasonable attorney's fees as permitted by law;

c.  Enjoin the Defendant from further unlawful takings.

d.  Grant Plaintiff such other and further relief that he may be entitled to receive.

## COUNT III
## EXCESSIVE FINES IN VIOLATION OF THE UNITED STATES CONSTITUTION

40) The Plaintiff realleges the allegations in the previous Paragraphs.

41) The Eighth Amendment to the United States Constitution prohibits the imposition of excessive fines.

42) Confiscating the entire value of the property owned by Plaintiff far in excess of the amount owed for taxes is an excessive fine barred by the Eighth Amendment to the United States Constitution.

43) Defendant assessed and collected a prohibited excessive fine from the Plaintiff.

44) Plaintiff has no adequate legal remedy to protect its property interests from the unconstitutional and unlawful conduct herein described.

45) When Defendant takes property in excess of the amounts owed to it for unpaid taxes, Defendant imposes a monetary punishment upon Plaintiff which is grossly disproportionate to the wrong they seek to deter and/or punish.

46) Taking the property of the Plaintiff far in excess of the amounts owed for real estate taxes is an excessive fine under the Eighth Amendment to the United States Constitution.

47) Plaintiff has been injured and damaged by the unlawful excessive fines under the Eighth Amendment to the United States Constitution and is entitled to compensation and other relief as a result.

WHEREFORE, Plaintiff asks this Honorable Court to:

a. Declare that the Defendant has unlawfully imposed excessive penalties in violation of the United States' Constitution;

b. Award costs and fees of litigation, including reasonable attorney's fees as permitted by 42 U.S.C. § 1983 and other applicable law;

c. Grant appropriate injunctive relief;

d. Determine the amount of damages to the Plaintiff;

e. Enter judgment against the Defendant;

f. Grant such and other further relief that the Plaintiff may be entitled to against the Defendant.

## COUNT IV
## EXCESSIVE FINES IN VIOLATION OF THE MAINE CONSTITUTION

48) The Plaintiff realleges the allegations in the previous Paragraphs.

49) Article I, Section 9 of the Maine Constitution prohibits the imposition of excessive fines.

50) Confiscating the entire value of the property owned by Plaintiff far in excess of the amount owed for taxes is an excessive fine barred by the Maine Constitution.

51) Defendant is assessing and collecting prohibited excessive fines.

52) Plaintiff has no adequate legal remedy to protect its property interests from the ongoing unconstitutional and unlawful conduct herein described.

53) When Defendant took property in excess of the amounts owed to it for unpaid taxes, the Defendant imposed a monetary punishment upon the Plaintiff, which was grossly disproportionate to the wrong it was seeking to deter and/or punish.

54) Taking the property of the Plaintiff in excess of the amounts owed for real estate taxes is an excessive fine under Article I, Section 9 of the Maine Constitution.

55) Plaintiff has been injured and damaged by the unlawful excessive fines under the Maine Constitution, and is entitled to compensation and other relief as a result.

WHEREFORE, Plaintiff asks this Honorable Court to:

   a. Declare that the Defendant has unlawfully imposed excessive penalties in violation of the Maine Constitution;
   b. Grant appropriate injunctive relief;
   c. Determine the amount of damages to the Plaintiff;
   d. Enter judgment against the Defendant;
   g. Award the Plaintiff its reasonable attorneys' fees and costs as allowed by law; and
   h. Grant such and other further relief that the Plaintiff may be entitled to against Defendant.

JURY TRIAL DEMANDED

|  |  |
|---|---|
| | Respectfully Submitted, |
| Dated: July 8, 2025 | /s/ John Z. Steed |
| | John Z. Steed, Bar #5399 |
| | Island Justice |
| | P.O. Box 771 |
| | Stonington, ME 04681 |
| | (207) 200-7077 |
| | john@islandjusticelaw.com |